IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| WESLEY M. BARRY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 7:14-CV-015-O-KA |
| | § | |
| SGT. CONNOR, *et al.*, | § | |
| | § | |
| Defendants. | § | |

FINDINGS AND RECOMMENDATION

Under the authority of 28 U.S.C. § 636(b) for the United States District Courts, on July 17, 2014, this case was referred to the undersigned United States Magistrate Judge by Order of Reference (ECF 16) for further review, a hearing, if necessary, and findings of fact and recommendation for disposition. Now before the court is Defendants' Motion to Dismiss (ECF 25). By said motion the defendants seek complete dismissal of all of Plaintiff's claims and causes of action against all defendants.

By this *pro se* Title 42 U.S.C. § 1983 case, Plaintiff Barry seeks relief from the defendants for injury to, and subsequent amputation of, his arm as the result of the alleged use of excessive force by three correction officers[1] while he was an inmate at the Wichita County jail.[2] He also seeks relief against a supervising officer[3] and the County Sheriff[4] as well for their failures to properly

---

[1] Defendants Brien Connor, Keaton Hamilton and Unknown Officer.

[2] Plaintiff Barry is currently in the custody of TDCJ and no longer held by Wichita County.

[3] Captain Richard Johns.

[4] Sheriff David Duke.

1

supervise and train the other defendant officers.[5]

## Procedural Status

Prior to the service of process upon the defendants, Plaintiff was granted leave to proceed in *forma pauperis* and directed to file his Amended Complaint. Upon the review of the Amended Complaint Plaintiff was directed to answer the court's questionnaire to clarify his allegations against the defendants. Plaintiff timely filed his answers to the court's questionnaire (ECF 18), whereupon service of process upon the defendants was ordered. Within the time for defendants to answer, the defendants filed the subject Motion to Dismiss under Rule 12(b)(6) asserting a total failure of Plaintiff to state a claim or cause of action and reserving the right to file an answer and/or later dispositive motion in the event of an adverse determination of the motion by the court.

## Motion to Dismiss

By their motion, the defendants make three arguments:

1. That to the extent Plaintiff alleges a claim against Defendants Johns and Sheriff Duke for failing to initiate a criminal investigation, the claim is not cognizable by this court since there is no constitutional right to have someone criminally prosecuted.
2. That to the extent plaintiff alleges a claim against Defendants Johns and Sheriff Duke as supervisors of the other defendants, they do not have liability under § 1983 for supervisory responsibility.
3. That to the extent Plaintiff seeks declaratory or injunctive relief, because Plaintiff is no longer in custody of Wichita County, he cannot show repeated or continued harm.

Based upon these propositions, the defendants assert that Plaintiff has not sufficiently stated a cause of action against the defendants thereby warranting dismissal.

## Plaintiff's Claims

From a review of Plaintiff's pleadings filed herein,[6] I find that Plaintiff Barry has adequately

---

[5] A cause of action recognized in *City of Canton v. Harris*, 489 U.S. 378 (1989).

[6] His Original Complaint (ECF 3), his Amended Complaint (ECF 12), and his Response to the Court's Questionnaire (ECF 18),

2

alleged a plausible § 1983 cause of action for compensatory and punitive damages for the injury to, and amputation of, his arm as a result of the alleged use of excessive force by the three named correctional officers.[7] Admittedly, by his Original Complaint Barry did seek "declaratory relief" and "injunctive relief,"[8] but later he further sought "punitive damages for pain and sufferings."[9] By his Amended Complaint, he asked for compensation "for the loss of my arm and all necessary disability, pain & suffering that require punitive damages."[10] Then, by his answer to question number 12 of the court's questionnaire, he sets out and itemizes his demand for compensatory damages and punitive damages. The individual damage claims against these three defendants are not subject to dismissal at this stage and preclude blanket dismissal of the entire case.

I further find that Plaintiff Barry has failed to allege plausible[11] individual liability claims against Defendants Johns and Duke for their respective failures as supervisors to adequately train three officers involved in the Plaintiff's arm injury. *Monell*[12] based municipal liability claims brought under § 1983 cannot be predicated upon supervisory liability of a municipal official. Nor may individual supervisors sued in their individual capacities be held liable for the actions of their subordinates. *Alton v. Texas A&M University*, 168 F.3d 196 (5th Cir. 1999) citing Monell, *supra*; *Bennett v. City of Slidell*, 728 F.2d 762,767 (5th Cir. 1984); and *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 534 (5th Cir. 1997). While officials, however, may be liable when enforcement

---

[7] Defendants Connor, Hamilton and Unknown Officer.

[8] ECF 3, p. 1, ¶ 1.

[9] Id., p. 4 Prayer.

[10] ECF 12, p. 4, § VI. Relief.

[11] "Plausible" pleading standard per *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) citing *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007).

[12] *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978)

of a policy or practice, custom or usage, results in a deprivation of federally protected rights,[13] that liability is predicated upon the official's "deliberate indifference" to a plaintiff's constitutional rights. *Doe v. Taylor*, 15 F.3d 443, 450-51 (5th Cir. 1994).  While Plaintiff Barry alleged in his answer to Court Question No. 12, that Sheriff Duke was "aware of his situation" it is clear from the continuation of his sentence that Barry was referring to events that followed the injury and amputation of the arm, not to the use of force by the officers. The sentences in his answer that follow also relate to Barry's dissatisfaction with the absence of any follow-up investigation or solution. None of his allegations rise to the level of a claim that Sheriff Duke exhibited indifference or conscious disregard to the training or supervision of his subordinates with respect to the use of force, a necessary condition to § 1983 liability of a supervisory official.[14]  As to Captain Johns, Barry claims that he was a conduit between the Sheriff and the correction officers and that he ignored Barry's attempts to inquire about jail rules, programs and policies. These allegations likewise do not rise to the level of a claim that Captain Johns was indifferent or consciously disregarded the training or supervision of his subordinates.  Accordingly, I conclude that Barry has failed to state a claim against Sheriff Duke or Captain Johns cognizable under § 1983.

As to Plaintiff's inclusion of a prayer for prospective relief in the form of declaratory or injunctive relief, I find that he is no longer in the custody or under the control of Wichita County or of the defendants, individually, that he is not exposed to continuing harm or any real or immediate threat of repeated injury or harm in the future. Accordingly, I recommend that the District Court dismiss any claims of Plaintiff Barry for declaratory or injunctive relief. Such relief would only be

---

[13]   See *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215-16 (5th Cir. 1998)

[14]   See *Canton, supra*. at p. 388 ("We hold today that the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact.").

4

available against the county as a named defendant (which is not) or against the employer of officials sued in their official capacities (which they are not).

## RECOMMENDATION

Based upon the foregoing analysis and findings, I RECOMMEND that the District Court GRANT IN PART the Defendant's Motion insofar as Plaintiff asserts claims for declaratory or injunctive relief.  I further RECOMMEND that the District Court GRANT IN PART the Defendant's Motion and DISMISS Plaintiff Barry's claims against Defendants Johns and Duke in their official or individual capacities or against Wichita County, but DENY IN PART the Defendant's Motion in so far as Plaintiff asserts claims against the three Defendants Brien Connor, Keaton Hamilton and Unknown Officer in their individual capacities for compensatory and punitive damages. I further RECOMMEND that the District Court set a date certain within thirty (30) days after the Court's action of Defendant's Motion to Dismiss by which Defendant Connor, Hamilton and Unknown Officer shall answer Plaintiff's Amended Complaint as supplemented by his Response to the Court's Questionnaire.

It is so Ordered, this 7th day of January, 2015.

_Robert K. Roach_
Robert K. Roach
UNITED STATES MAGISTRATE JUDGE

<u>Standard Instruction to Litigants</u>

A copy of this order containing findings and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

It is so further Ordered, this 7th day of January, 2015.

*/s/ Robert K. Roach*
Robert K. Roach
UNITED STATES MAGISTRATE JUDGE